UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HILLMAN LUMBER PRODUCTS, INC. | CIVIL ACTION NO. 10-968 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITIZENS BANK & TRUST | MAGISTRATE JUDGE HORNSBY |

**TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order, Injunctive Relief and Other Relief (Record Document 20).  Considering the motion, the memorandum in support thereof, the attached exhibits, and further noting that Plaintiff has provided notice pursuant to Rule 65, as set forth in the Certificate of Service, it appears to the Court that a temporary restraining order shall issue, as the April 2, 2010 Judgment of this Court (Record Document 124 in Hillman Lumber Products, Inc. v. Webster Manufacturing, Inc., et al., Civil Action 06-1204) will be thwarted and Plaintiff will suffer irreparable harm if the Webster Parish Sheriff's Sale presently scheduled for January 5, 2011[1] is permitted to proceed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order, Injunctive Relief and Other Relief (Record Document 238) be and is hereby **GRANTED**. The January 5, 2011 Sheriff's Sale in Webster Parish, Louisiana and further proceedings in Citizens Bank and Trust Company v. Gary Dwight Morgan, et al., Case No. 70,669, including any attempts to enforce any orders or the judgment issued by the Twenty-Sixth Judicial District Court, are hereby **STAYED** pending further order of this Court.  The instant

---

[1] The Sheriff's Sale in Webster Parish is associated with a state court executory process proceeding filed in the Twenty-Sixth Judicial District Court entitled Citizens Bank and Trust Company v. Gary Dwight Morgan, et al., Case No. 70,669.  The petition for executory process was filed on August 13, 2010 and a judgment was signed by District Judge Michael Craig on December 3, 2010.

temporary restraining order specifically enjoins Citizens Bank and Trust, Gary Morgan, Mark Morgan, and any other persons or entities acting in concert with Citizens Bank and Trust, Gary Morgan, or Mark Morgan, from transferring, concealing, or alienating any of Gary Morgan's or Mark Morgan's assets without this Court's approval, prior to satisfaction of the April 2, 2010 Judgment.

**IT IS FURTHER ORDERED** that Rule 65(c)'s security requirement is hereby **WAIVED**.[2]

**IT IS FURTHER ORDERED** that a certified copy of the instant Temporary Restraining Order be served by Plaintiff upon all named defendants in <u>Hillman Lumber Products, Inc. v. Webster Manufacturing, Inc., et al.</u>, Civil Action 06-1204, through Scott Bowie, their attorney of record, and upon Gary Sexton, Sheriff of Webster Parish, via facsimile, email, or other reasonable means.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until a hearing on the application for preliminary injunction, which will be consolidated with an expedited trial on the merits.[3]

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of January, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Under the Fifth Circuit's interpretation of Rule 65(c), the amount of security required by the rule is a matter within the discretion of the trial court. See <u>City of Atlanta v. Metropolitan Atlanta Rapid Transit Authority</u>, 636 F.2d 1084, 1094 (5th Cir. 1981). Thus, this Court "may elect to require no security at all." <u>Id.</u>, citing <u>Corrigan Dispatch Co. v. Casaguzman, F. A.</u>, 569 F.2d 300, 303 (5th Cir. 1978).

[3] Joe Woodley, counsel for Citizens Bank and Trust ("CBT"), indicated during a January 5, 2011 telephone status conference that CBT agreed to extend the instant TRO until the hearing on the motion for preliminary injunction, which has tentatively been set for March 30, 2011. See F.R.C.P. 65(b)(2).